**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSHUA SAATHOFF, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>GENE BY GENE, LTD. D/B/A FAMILY TREE DNA,<br><br>*Defendant.* | Case No. 1:24-cv-12118<br><br>Judge Charles P. Kocoras |

**DEFENDANT GENE BY GENE, LTD.'S MOTION TO
CONSOLIDATE AND REASSIGN CASES**

Defendant, Gene by Gene Ltd., d/b/a Family Tree DNA ("Defendant" or "Gene by Gene"), by and through its attorneys, Chuhak & Tecson, P.C., files this Motion to Consolidate and Reassign Case No. 1:24-cv-12118, Case No. 3:24-cv-50501, and Case No. 1:25-cv-00572, and in support hereof, states as follows:

1. On October 18, 2024, Plaintiff Joshua Saathoff ("Saathoff") filed a putative Class Action Complaint in the Circuit Court of Cook County against Gene by Gene. After removal of the case to the Northern District of Illinois, Saathoff filed an Amended Class Action Complaint ("Saathoff Complaint") under Case No. 1:24-cv-12118, attached hereto as **Exhibit 1**.

2. On December 12, 2024, Plaintiffs Melissa Neblock ("Neblock") and Xodus Moore ("Moore") filed a putative Class Action Complaint ("Neblock Complaint") in the Northern District of Illinois against Gene by Gene under Case No. 3:24-cv-50501. Plaintiff Moore voluntarily dismissed her claims. The Neblock Complaint is attached hereto as **Exhibit 2**.

3. Plaintiff Lucinda Odea ("Odea") filed a putative Class Action Complaint against Gene by Gene on January 23, 2025, and Gene by Gene was served with Summons and a copy of the Odea Complaint on February 3, 2025. (Case No. 1:25-cv-00572, "Odea Complaint", attached hereto as **Exhibit 3**)

4. Gene by Gene operates a consumer genetic testing business exclusively from Houston, Texas. Defendant seeks to consolidate the three (3) cases cited herein because each case alleges that class certification of classes consisting of Gene by Gene customers is appropriate. The Saathoff Complaint, the Neblock Complaint and the Odea Complaint (collectively, the "Complaints") arise out of the theory that Plaintiffs' use of the Defendant's website in Houston allegedly causes the transfer of genetic testing information through tracking technologies. See generally, **Exs. 1, 2 and 3** .

5. While the Complaints are not identical, each alleges violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1 *et seq*. ("GIPA"); and the Electronic Communications Privacy Act, 18 U.S.C. § 2511(1), *et seq.*("ECPA").

6. Federal Rule of Civil Procedure 42(a) ("FRCP 42(a)") states that when "actions before the court involve a common question of law or fact, the court may ... consolidate the actions." Fed. R. Civ. P. 42(a)(2).

7. Consolidation under FRCP 42(a) is permitted as a matter of convenience and economy in administration. *Johnson v. Manhattan Railway Co.,* 289 U.S. 496–97 (1973). The determination of whether to consolidate multiple suits lies within the discretion of the district court. *Blue Cross Blue Shield of Mass., Inc. v. BCS Ins. Co*., 671 F.3d 635, 640 (7th Cir. 2011). In reaching this determination, the court weighs the time and effort resulting from consolidation

against any inconvenience, delay or expense it may cause. 9 Wright & Miller: Federal Practice and Procedure, § 2383 at 259.

8. Consolidation does not change the rights of the parties, merge the two suits into one cause or action, or make those who are parties in one suit parties in the other. *Robbins v. Pepsi-Cola Met. Bottling Co.*, 1985 WL 5130, at *3 (internal citation omitted).

9. Reassignment under Northern District Local Rule 40.4 ("Local Rule 40.4") involves similar considerations, allowing for the consolidation of related suits before the judge assigned to hear the earlier-filed case. Local Rule 40.4 states in relevant part as follows:

> "Two or more civil cases may be related if…the cases involve some of the same issues of fact or law…
>
> A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria are met:
>
> (1) both cases are pending in this Court;
> (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
> (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
> (4) the cases are susceptible of disposition in a single proceeding."

N.D. Ill. Local R. 40.4(a)(2); (b).

10. The issue of whether to reassign a case under Local Rule 40.4 also lies within the discretion of this Court. *Gautreaux v. Chicago Hous. Auth.,* 2013 WL 5567771, at *3.

11. Consolidation under Federal Rule of Civil Procedure 42(a) is warranted as the Complaints present similar factual and legal issues. See, **Exs. 1, 2 and 3**.

12. Local Rule 40.4 (a)(4) authorizes the reassignment of class actions when "one or more of the classes involved in the cases is or are the same." With respect to Saathoff, Neblock and Odea, the Complaints seek to certify a class or subclass of Illinois residents who utilized

Gene by Gene's website and testing services in Houston, Texas. **Ex. 1, par. 76, Ex. 2, par**. **120, Ex. 3, par. 110.**

13. The criteria for reassignment set forth in Local Rule 40.4(b) are also met in that: (i) each case is pending in the Northern District of Illinois; (ii) the handling of the suits by the same judge is likely to result in a substantial saving of judicial time and effort ; (iii) the cases have not progressed to the point where reassignment would delay their resolution; and (iv) given the commonality of issues, both suits are susceptible to resolution in a single proceeding.

14. Defendant contends that Illinois courts do not possess personal jurisdiction over Defendant due to a lack of minimum contacts with the State of Illinois. In addition, each of the Plaintiffs has agreed to Terms of Service ("TOS") that mandate either arbitration or litigation of any dispute in Houston, Texas. Gene by Gene respectfully suggests that a single judge should decide the issue of whether these cases will proceed in Chicago or Houston. Gene by Gene has filed motions to dismiss for lack of personal jurisdiction, compel arbitration or transfer venue in response to the Saathoff and Neblock Complaints. Plaintiffs have not yet responded to those motions. Defendant's response to the Odea Complaint is due on February 24, 2025.

15. Local Rule 40.4(d) authorizes the judge reviewing a motion to reassign to confer with the judges assigned the higher-numbered cases to facilitate the decision of the motion.

16. Declining to consolidate these suits will run the risk of inconsistent rulings on the legal issues summarized herein.

17. Consolidation will not prejudice any party by causing delay, because the cases are still in their initial, pleading stages. Thus, consolidation will conserve judicial resources, and reduce the time and expense incurred by the parties.

- 5 -

18. Gene by Gene respectfully moves this Court to consolidate the cases under Federal Rule of Civil Procedure 42(a), and reassign the cases pursuant to Northern District Local Rule 40.4.

WHEREFORE, Defendant, Gene by Gene, respectfully requests that the Court grant this motion, consolidating and reassigning the Saathoff case, Neblock case and Odea case before a single judge, while the Court grants all other relief which the Court deems just and equitable.

>Respectfully submitted,
>
>GENE BY GENE, LTD. D/B/A FAMILY TREE DNA
>
>By: /s/ *David J. Tecson*
>David J. Tecson (ARDC No. 619810)
>Adrienne M. Arlan (ARDC No. 6332417)
>CHUHAK & TECSON, P.C.
>120 S. Riverside Plaza, Suite 1700
>Chicago, IL 60606
>(312) 444-9300
>dtecson@chuhak.com
>aarlan@chuhak.com